**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN ANTONIO FALCON,

            Plaintiff - Appellant,

 v.

M. FARLEY, Correctional Officer at Kern Valley State Prison,

            Defendant - Appellee.

No. 13-15173

D.C. No. 1:11-cv-00427-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

California state prisoner Juan Antonio Falcon appeals the district court's

grant of summary judgment in this 42 U.S.C. § 1983 action. Falcon's family used

an approved inmate package vendor to send Falcon a birthday care package. Due

to a disciplinary matter, Falcon was ineligible to receive packages; approximately

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

five months after the package was sent, Correctional Officer M. Farley returned the package to the vendor. Falcon alleges that Farley violated his First Amendment right to receive mail by returning the package. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

While Falcon is now represented by pro bono counsel, he was pro se before the district court. We review a district court's grant of summary judgment de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). "In our de novo review of a district court's summary judgment ruling, we view the evidence in the light most favorable to the non-moving party." *Id.* "We construe liberally the filings and motions of a *pro se* inmate in a civil suit." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

The district court erred in holding that the return of Falcon's package did not implicate the First Amendment. As both parties agreed at oral argument, Falcon had a First Amendment right to receive the rock CD contained within his package. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) ("Appellant, as a prison inmate, enjoys a First Amendment right to send and receive mail."); *see also Hrdlicka v. Reniff*, 631 F.3d 1044, 1049 (9th Cir. 2011) ("A First Amendment interest in distributing and receiving information does not depend on a recipient's prior request for that information.").

2

In addition, the district court failed to view the facts in the light most favorable to the nonmoving party, Falcon. Prison officials may limit a prisoner's First Amendment rights if the limitation is "'reasonably related' to legitimate penological objectives." *See Turner v. Safley*, 482 U.S. 78, 87 (1987). Thus, the key question is whether Farley's return of Falcon's package to the vendor was reasonably related to a legitimate penological objective. While Farley represents that the package was returned pursuant to prison regulations, Falcon not only contests the factual accuracy of that statement, but points to the undisputed fact that Farley's superior Sergeant Marta ordered the return of his (and others') packages and asserts that Farley actually withheld his package as part of a retaliatory extortion scheme. If the package was actually returned to the vendor as part of such a scheme, and not pursuant to prison regulations, its return is not reasonably related to a legitimate penological objective. *See id.* Accordingly, a genuine dispute of material fact exists as to the reason for the package's return, and the grant of summary judgment was improper. Fed. R. Civ. P. 56. We therefore reverse the grant of summary judgment and remand for proceedings consistent with this disposition.

**REVERSED and REMANDED.**

3

*Falcon v. Farley*, No. 13-15173

MURGUIA, Circuit Judge, dissenting:

I do not believe that Falcon's passing reference to a retaliatory extortion scheme is sufficient to raise a genuine dispute of material fact. The only mention of such a scheme in the record appears in a state government claims form prepared by Falcon:

> Property officer Farley returned personal package [sic] when claimant refused to donate 25% of his property in an extortion scheme as a form of retaliation, which has caused much distress to claimant.

As far as the record reveals, the snacks, hygiene items, and rock CD in Falcon's package were the entirety of Falcon's property. That Farley would attempt to extort any of these meager items from Falcon strikes me as implausible. The record also suggests no conduct on Falcon's part for which Farley might be tempted to seek "retaliation." Even when viewed in the light most favorable to Falcon, in my view, Falcon's assertion is too implausible and conclusory to permit a reasonable inference that Farley returned the package as part of an extortion scheme. *See FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). I would affirm the judgment of the district court.